UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 0 3 2005
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REYES FABIAN OLIVERA-MENDEZ, ) <br> Defendant. ) | Case No. 4:05 CR 40016 |

## MOTION FOR DISCOVERY

COMES NOW the Defendant, REYES FABIAN OLIVERA-MENDEZ through counsel, and respectfully moves this Honorable Court for an Order granting discovery and inspection of the following:

I. BRADY MATERIAL: *Brady v. Maryland*, 373 U.S. 83 (1963).

   A. FAVORABLE EVIDENCE

      1. All information in the possession of the Government which is favorable to the Defendant and which relates or tends to relate to the guilt or innocence of the Defendant and to questions of punishment; all information which may be used for impeachment of Government witnesses.

      2. All information in the possession of the Government which shocks the conscience and is favorable to the Defendant. *United States v. Agurs*, 427 U.S. 97 (1976).

      3. All material evidence which reasonably relates to the reasonable doubt of guilt or which reasonably relates to sentence. *United States v. Agurs*, 427 U.S. 97 (1976).

      4. Any and all information relative to the within charges not presented to either the Grand Jury.

   B. NEGATIVE EVIDENCE

      6. Any and all information which shows that Defendant REYES FABIAN OLIVERA-MENDEZ was not involved or connected or had any part in acts perpetrated by unindicted co-conspirators.

      7. Any and all information which shows that Defendant REYES FABIAN OLIVERA-MENDEZ was neither present nor involved in any alleged act.

## C. EVIDENCE OF LACK OF CRIMINAL INTENT OR KNOWLEDGE

8. Any and all information showing or tending to show Defendant's lack of knowledge as to the nature of any property mentioned in the indictment.

9. Any and all information showing or tending to show lack of criminal intent on the part of Defendant, Wisniewski, in his dealings or financial transactions between the confidential informant and others mentioned in the indictment.

## D. IMPEACHING EVIDENCE

10. Any and all information that is favorable to Defendant, REYES FABIAN OLIVERA-MENDEZ, or which may lead to favorable information or which may be used for impeachment of Government witnesses.

11. Defendant, REYES FABIAN OLIVERA-MENDEZ, further requests disclosure of any and all statements of any and all individuals which may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by any individuals, which are inconsistent, in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charges against Defendant.

## E. EXONERATIVE EVIDENCE

12. Defendant demands any and all evidence which is exculpatory within the meaning of *Moore v. Illinois*, 408 U.S. 786, rehearing denied 409 U.S. 897 (1972), specifically, but not limited to the following documents. The term documents as hereinafter used includes, but is not limited to, bids, forms, annual audits, agreements, contracts, bank records, checks for premiums, claims, final accounting, correspondence, telegrams, notes, and any and all other written communications.

13. Defendant demands the names and current addresses of any and all persons who were present during any of the acts alleged against the Defendant, REYES FABIAN OLIVERA-MENDEZ, or who heard or saw any of the activities alleged to have been committed by Defendant, REYES FABIAN OLIVERA-MENDEZ. This request is made regardless of whether or not said person will be called as a witness in the trial of this matter.

14. Defendant demands a copy of the arrest records of each of the witnesses the Government intends to call.

15. Defendant demands to be informed of the existence and scope of any and all offers of immunity, plea bargains, promises of leniency, indications of leniency, or negotiations concerning pleas conducted by the Government with any confidential informant, unindicted co-conspirator, or witness concerning matters contained in this indictment or any other investigation whether concluded, pending or projected.

## II. GRAND JURY

16. The names and current addresses of witnesses appearing before the Grand Jury.

17. State whether any witness before the Grand Jury summarized all of the testimony or events given before the Grand Jury in connection with this indictment. If the answer is in the affirmative, state whether the Grand Jury was specifically and clearly advised that it was receiving summarized testimony.

18. Copies of all documents and exhibits presented to the Grand Jury.

19. Summaries and copies of the statements of witnesses not presented or conveyed to the Grand Jury.

20. A list of the names and titles of each Government employee who was present in the Grand Jury room during the taking of any testimony (other than his own) in the course of the investigations of this case, or who was present during any other portion of the Grand Jury proceeding herein.

21. A list of the names and titles of each Government employee who, prior to the return of the indictment herein, examined outside of the Grand Jury's presence any document or other item obtained by means of any Grand Jury subpoena issued in the course of the investigation of this case.

22. A copy of any letter or other document authorizing the examination of Grand Jury materials by each of the Government employees.

23. A list of all Grand Jury subpoenas issued for documents and/or testimony in this case.

24. State whether the Grand Jury was a special or a regular Grand Jury.

25. State the date the Grand Jury was empanelled.

26. If the Grand Jury was a regular Grand Jury, state whether it heard evidence with regard to matters involving other investigations. If yes, how many additional matters did the Grand Jury hear?

27. State whether the indictment in its final form was drafted by the prosecutor before the Grand Jury voted to return an indictment..

28. State whether any witness before the Grand Jury testified with regard to circumstances or transactions about which he had no personal knowledge and if so, whether the Grand Jury was clearly and specifically advised that it was receiving hearsay testimony.

29. State whether the indictment in its final form was exhibited or read verbatim to each Grand Juror before she/he voted the indictment.

III. ELECTRONIC SURVEILLANCE, MAIL COVER, SCIENTIFIC EXPERIMENTS, TESTS, MARKINGS, AND TRACINGS

30. All mechanical or electronic recordings and transcripts thereof, that contain any conversations of Defendant or others which were made through the use of a wiretapping, eavesdropping, or recording device.

31. All information related to these indictments which was obtained through electronic, audio or visual surveillance conducted by any governmental agency or by any agent of the government or by any other person who may have communicated with the Defendant or others, or which was conducted on or in any place or premises, whether private or business, which Defendant or others owned, leased, occupied, or had some proprietary interest therein. Specifically the recorded conversations made by the confidential informant which were subsequently turned over to the prosecution.

32. All memoranda, logs, reports, records, notes, summaries, transcriptions, TWX communications, and written communications made by any employee or agent or the Government concerning any statement or conversation referred to therein above.

33. Any and all applications and/or orders pertaining to electronic surveillance referred to herein above.

34. Results or reports of any scientific tests, examinations or experiments made in connection with this case, including specific tests made, the methods and procedures used and samples of the material tested.

35. Any and all photographs, diagrams, papers, documents, tangible objects or other material showing scenes, places of meetings, or any area where it is claimed that the Defendant, or confidential informant, met in connection with any aspect of this indictment.

36. All notes, memoranda, reports or other writings made by officers or agents of any law enforcement agency during surveillance of the Defendant.

37. State whether the Government intends to call expert witnesses to testify in this matter.

38. If the answer to paragraph 37, supra, is in the affirmative, state the name, current address, job title, curricula vitae, and brief statement as to the area that such witness will be called upon to testify.

39. If the answer to paragraph 37, supra, is in the affirmative, furnish the Defendant with a photocopy of any report together with a copy of the expert's notes upon which that report is based. This question is supplemental and not repetitive of paragraph 39, supra.

40. State whether any dyes, inks or other markings were made by or on behalf of Government agents on any tangible item which will be offered in evidence.

41. If the answer to paragraph 45, supra, is in the affirmative, completely describe the item to be placed in evidence, indicate the proposed exhibit number of said item, and specifically state the nature of the marking made on the item.

IV. PUBLICITY

42. Provide the Defendant with full and complete copies of all news releases, transcripts of press conferences, and any and all other information furnished the news media by any government agent or agency, with regard to the Defendant, REYES FABIAN OLIVERA-MENDEZ, or any potential government witnesses.

V. JENCKS MATERIAL (18 U.S.C.A. §3500)

43. Defendant, REYES FABIAN OLIVERA-MENDEZ, demands that the government furnish counsel for the Defendant with Jencks Act material within forty-five (45) days of the trial date set in this action.

VI. GENERAL

44. The term "Government" as used throughout this motion includes the United States Attorney, or any employee of the United States Department of Justice, agents or employees of the Federal Bureau of Investigation, Security and Exchange Commission, Internal Revenue Service, United States Customs, and any other person acquainted or involved with the United States Government or any other municipality or subdivision thereof.

54. Defendant asserts that the above discovery requests represent demands which are continuing in nature and which require the Government to turn over such items as may come into their possession at a later date.

55. Defendant demands that the Government comply with the above requests by forwarding the items within its possession to counsel for the Defendant within ninety (90) days of the trial date.

Respectfully Submitted,

Jack Friedlander
Attorney for Defendant

Clint Sargent
Attorney for Defendant

JACK FRIEDLANDER
Law Office of Jack Friedlander
Attorney for Defendant
200 Russell Street
Suite 300
Hammond, IN 46320
219-932-7300

CLINT SARGENT
Danforth, Meierhenry & Meierhenry, L.L.P.
Attorney for Defendant
315 S. Phillips Avenue
Sioux Falls, SD 57104
605-336-3075