UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR05-40016-02 |
| Plaintiff, | GOVERNMENT'S RESPONSE TO MOTION TO PROHIBIT THE GOVERNMENT FROM INTRODUCING DOCUMENTARY OR TANGIBLE EVIDENCE WITH REGARD TO CERTIFICATION OR QUALIFICATIONS OF DRUG DOG OR HANDLER |
| vs. | |
| SERJIO RUELAS, | |
| Defendant. | |

Comes now the United States of America, by and through Assistant United States Attorney John E. Haak, and for its response to the defendant's motion, states as follows:

The government asserts that Ruelas has no standing to assert his latest motion because he has no reasonable expectation of privacy in the car that was searched or the cocaine that was found. "To invoke the protection of the Fourth Amendment, one must establish a legitimate expectation of privacy in the invaded place." *United States v. Hill*, 393 F.3d 839, 841 (8th Cir. 2004). In *Rakas v. Illinois*, 439 U.S. 128 (1978), the United States Supreme Court reviewed an appeal brought by passengers in a vehicle under exactly the same circumstances as Ruelas. In *Rakas*, the passengers "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized." *Id*. at 148. The Supreme Court held that "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id*. at 134. In the event this Court chooses to reach the merits of Ruelas's motion, the government submits the following:

Ruelas's motion seeks to bar the government from introducing "tangible or documentary evidence" at the pretrial suppression hearing. He asserts his motion is based on Fed. R. Crim. P. 16(d)(2)(c). Rule 16(d)(2)(c) is a "remedy" provision, specifying one of the available options to a court if a party violates Rule 16. What Ruelas fails to address is that there is no violation of Rule 16 in this case.

In his previous motion for discovery (Docket 27), Ruelas sought documents and objects in addition to that which is required to be disclosed. Rule 16(a)(1)(E) sets forth the disclosure requirements relating to documents and objects. It applies only "if the item is within the government's possession, custody, or control." Ruelas's complaint concerns documents that were not within the government's possession, custody or control. They were in the possession of a state agency, the South Dakota Highway Patrol.

Nevertheless, in response to Ruelas's request, I attempted to locate the information he requested. In that regard, I informed this Court and Ruelas that:

> The South Dakota Highway Patrol maintains some records regarding these requests. The United States has submitted a request to the Highway Patrol for the records in its possession. When the United States receives those items, it will furnish the items to the defense. It appears that the defendant's request may seek more information than is contained within the records maintained by the Highway Patrol. If the discovery request cannot be resolved between the parties, it will be brought to the court's attention.

(Docket 44).

The documents that the South Dakota Highway Patrol furnished to the government were provided to the defense in discovery. During this proceeding, the defense has taken issue with the fact that a copy of the actual certificate showing the drug dog's certification did not appear in the furnished records. A copy of the certificate has now been obtained and furnished to both defendants. By his motion, Ruelas new seeks to prohibit the use of said certificate along with other documentary

or tangible evidence. However, Ruelas points to no unfair prejudice that would flow from allowing this truthful and relevant evidence to be presented in this proceeding.

In his memorandum supporting his motion, Ruelas claims that the government has violated a court order. He fails to identify any such order. My review of the record discloses no court order requiring the government to do anything different than has been done.

The government has exceeded the requirements imposed upon it by Rule 16. Without the government's efforts, no materials would have been supplied. To argue that because he is dissatisfied with the disclosure, the government should be prevented from presenting truthful and relevant evidence is disingenuous at best.

Therefore, the government requests that Ruelas's motion be denied because he has no standing to participate in the suppression issue. Furthermore, the government requests that Ruelas' further participation in the evidentiary portion on this issue be immediately curtailed. In the alternative, the government requests that Ruelas's motion be denied in all respects.

Dated and electronically filed this 4th day of May, 2005.

                                      MICHELLE G. TAPKEN
                                      Acting United States Attorney

                                      */s/ JOHN E. HAAK*
                                      JOHN E. HAAK
                                      Assistant United States Attorney
                                      P.O. Box 3303
                                      Sioux Falls, SD 57101-3303
                                      (605)330-4400

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of May, 2005, a true and correct copy of the foregoing was served upon the following person(s), by placing the same in the service indicated, addressed as follows:

John A. Schlimgen – via e-filing to:
schlimgen@sgsllc.com
and via fax to 336-6842

Jack Friedlander – via e-filing to:
office@jackfriedlander.com

Clint L. Sargent – via e-filing to:
clint@meierhenrylaw.com
lisa@meierhenrylaw.com
and via fax to 336-2593

                                            */s/ JOHN E. HAAK*
                                      JOHN E. HAAK
                                      Assistant United States Attorney